## SUPERIOR COURT

Dimond Land Company
vs. } Law No. 59552
Albert Pfeifer Company

RESCRIPT.

October 18, 1924.

TANNER, P. J. This is an action at law in which the plaintiff seeks to recover damages because of the alleged breach of contract by the defendant to furnish heat for a certain building, to wit: The Burgess building, under a contract between the plaintiff and the defendant. The case is heard upon demurrer to the first and second counts of the declaration.

The demurrer is upon the ground that the contract to heat the Burgess building is void for lack of mutuality because the plaintiff under its contract had a right to terminate the agreement to heat the Burgess building at any time.

The demurrer upon the ground of lack of mutuality really raises the question of lack of consideration. It is doubtless true, as claimed by the defendant, that a mere promise by one party in consideration of the mere promise of another party without further consideration is void if either party has a right to terminate the contract at pleasure, but a contract which is optional with either party is good if there be a sufficient consideration for the giving of the option. We think that an examination of the agreement in this case discloses clearly a sufficient consideration for the option given to the plaintff to terminate his contract. The contract recites: "Now, therefore, in consideration of the sum of one dollar and other valuable considerations by each of said parties to the other paid, the receipt whereof is hereby acknowledged, and in further consideraton of the mutual covenants and agreements hereinafter contained, the said parties for themselves and for their respective successors and assigns mutually covenant and agree as follows:" Here are two considerations recited, either of which is sufficient. The contract contains mutual covenants and agreements to heat other buildings than the Burgess building, and the contract to heat the Burgess building and for the option of terminating that contract is based upon the consideration of the other heating contracts.

Perhaps, also, another consideration might be found in the Clause First of the contract, which recites that this contract is based upon the cancellation of prior contracts; but, at any rate, the two first considerations named are sufficient.

Page on the Law of Contracts, Vol. 1, Sec. 571;

Williston on the Law of Contracts, Vol. 1, Sections 140 and 141.

A court of equity on a bill for specific performance of an agreement to heat the Burgess building might well decline to grant specific performance because of a lack of mutuality, which term has a different meaning in law than in equity; but it does not follow that such a contract can not be made subject to an action for damages at law.

Demurrer overruled.

For Plaintiff: Philip C. Joslin, A. L. Churchill, Wilson, Churchill & Curtis.

For Defendant: Curtis, Matteson, Boss & Letts.